Eileen SCHUMAN, John Brock, Susan Noe, Plaintiffs-Appellees,

v.

**LEE COUNTY BOARD OF COUNTY COMMISSIONERS, a political subdivision of the State of Florida, d.b.a. Lee County, Defendant-Appellant.**

No. 16-15325

United States Court of Appeals, Eleventh Circuit.

(June 29, 2017)

Jennifer J. Kennedy, Abbey Adams Byelick & Mueller, LLP, St. Petersburg, FL, Geralyn Farrell Noonan, Geralyn F. Noonan, PA, Fort Myers, FL, for Plaintiffs-Appellees

Hala A. Sandridge, Victoria J. Oguntoye, Buchanan Ingersoll & Rooney, PC, Tampa, FL, Mark Alan Trank, Lee County Attorney's Office, Fort Myers, FL, for Defendant-Appellant

Before ED CARNES, Chief Judge, WILLIAM PRYOR, and DUBINA, Circuit Judges.

PER CURIAM:

Because we write only for the parties and the district court, we will be concise and not belabor our points.

■ The district court did not, as the County contends, abuse its discretion in denying the motion to sever the plaintiffs' claims into three separate trials. Joinder was proper because the claims of each plaintiff arose out of the same series of transactions and events, involved common issues of law and fact, and were presented through the testimony of many of the same witnesses. Even as joined, the trial took approximately eight days. If the claims had been severed, the amount of trial time and resources required would have been multiplied by a factor of three. And there was no unfair prejudice from trying the claims jointly because the evidence related to each plaintiff's claim almost certainly could and would have been admitted at each trial.

Insofar as the liability verdicts are concerned, the district court did not err in denying the County's Federal Rule of Civil Procedure 50(a) and (b) motions for judgment as a matter of law or its Rule 59 motion for a new trial. For the reasons we discussed at length with the attorneys during oral argument, the evidence was more than sufficient to support the jury's verdict on each claim. The sufficiency of evidence issue is not close.

■ The only problem with the judgment concerns the $200,000 component of the damages award to Susan Noe based on lost retirement benefits due to the fact that she was fired before she could arrange to purchase five extra years of service toward her state retirement pension. Ms. Noe testified that when fired she was "in the process of buying back five years of service" based on her prior employment with the federal government, but being fired prevented her from doing so. Doc. 145 at 40. If she had been permitted to do so, according to her testimony, "that would have amounted to probably about an additional 150 to $200,000 to my retirement." Id. The jury included in the damage award to her the full $200,000 of pension increase she said that she had lost as a result of her termination preventing her from buying five years of service credit.

The problem is that the damages award for lost pension benefits should have been reduced by the cost of purchasing the additional years of service. Ms. Noe is entitled to be made whole for the cost of being fired, but she is not entitled to be made more than whole. She is entitled to the $200,000 of retirement benefits that she lost because she was fired before buying the extra years of service minus the cost she would have paid to buy them. Unfortunately, neither Ms. Noe's attorney nor the attorney for the County inquired of her, or otherwise sought to establish, how much those five years of prior service would have cost her. Nor did the County's attorney bring the issue to the district court's attention in a timely motion for judgment as a matter of law at the end of Noe's case in chief or at the end of all the evidence. Both sides share the responsibility for not recognizing and curing the problem.

The first time the issue was raised was in the County's post-judgment Rule 59 motion for a new trial or, alternatively, for a remittitur. That is too late for the County to claim the right to judgment as a matter of law. And there is no point in requiring a new trial before a jury on this component of the damages claim because the parties apparently agree on the statutory formula for calculating the cost to Ms. Noe of five additional years of service credit for pension purposes. In its opening brief to this Court, the County set out the text of Fla. Stat. § 121.1115(2) and asserted that under that provision "for each of the five years, she had to pay a minimum of $12,000.00 plus 6.5% interest, which would have exceeded a lump sum payment of $60,000 to buy five years of retirement credits." At oral argument, Ms. Noe's counsel agreed that provision of Florida law was controlling and generally agreed with the County's assertion about how much she would have had to pay for five years of service credit.

On remand, the County's motion for remittitur of the damages award to Ms. Noe should be granted to the extent required to reduce that award by the amount that she would have had to pay to obtain the five additional years of service credit that are reflected in the damages award as it currently stands. The district court should decide any subsidiary issues necessary to calculate that reduction in the lost pension increase component of the damages award, but this is otherwise a limited remand.[1] The district court is not to inquire into any other aspect of Ms. Noe's damages award or her entitlement to it. We have considered the County's other attacks on the award and find them either not timely raised or without merit or both.

1. Hopefully, the parties can agree on any subsidiary issues that arise in calculating the

The judgment for plaintiff Susan Noe is AFFIRMED insofar as liability is concerned but the damages award to her is VACATED AND REMANDED for the limited purpose of having the district court reduce the $200,000 lost pension increase component of her damages award by the cost she would have paid to purchase the additional five years of service.

The judgment for plaintiffs Eileen Schuman and John Brock are AFFIRMED in full.

additional years of service costs.